## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

THE GOLF CLUB AT PALMIRA, INC.,

     Plaintiff,
                                    CIVIL ACTION:

v.
                                         **NOTICE OF REMOVAL**

EMPIRE INDEMNITY INSURANCE
COMPANY,

     Defendant.

_____/

**TO THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION:**

     Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant, EMPIRE

INDEMNITY INSURANCE COMPANY ("Empire"), and Local Rule 4.02, by and

through its undersigned counsel, gives notice of removal of this civil action, Case

Number 2021-CA-004562, pending in the Circuit Court of the Twentieth Judicial

Circuit in and for Lee County, Florida, and hereby removes this action to the United

States District Court for the Middle District of Florida, Fort Myers Division. In

support of its Notice of Removal, Empire states as follows:

     1.    On or about August 4, 2021, Plaintiff, THE GOLF CLUB AT

PALMIRA, INC. ("Plaintiff"), filed a Summons and Complaint for Breach of

Contract, bearing Case Number 2021-CA-004562, in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida.

2. Empire is the sole Defendant named in the Complaint ("Complaint") filed by Plaintiff, styled as *THE GOLF CLUB AT PALMIRA, INC. v. EMPIRE INDEMNITY INSURANCE COMPANY*. *See* Complaint, attached hereto as **Exhibit 1**.

3. Empire was served with Plaintiff's Summons and Complaint on August 12, 2021. *See* Notice of Service of Process, attached hereto as **Exhibit 2**.

4. The United States District Court for the Middle District of Florida, Fort Myers Division, is the Court and Division encompassing the county wherein such action is pending in state court.

5. This removal is effected and has been timely filed within one (1) year after commencement of the action and within thirty (30) days after Empire received service of Plaintiff's Summons and Complaint.

6. This Court has jurisdiction over this matter and it is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all papers filed in the record of the State Court action are attached hereto along with a copy of the docket as **Exhibit 3**.

7686597.1

8.      This action is properly removed to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, in that all properly joined and served parties are of diverse citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9.      For the purposes of diversity of citizenship under 28 U.S.C. § 1332(c)(2), Plaintiff is a citizen of Lee County, Florida.  *See* Florida Division of Corporations Detail by Entity Name, attached hereto as **Exhibit 4**.

10.     Defendant, Empire, is an Oklahoma corporation and maintains its principal place of business in Illinois. Empire is not a citizen of Florida.  *See* Oklahoma Secretary of State Entity Summary Information and the printout from the Florida Office of Insurance Regulation website, attached hereto as **Exhibit 5.**

11.     Plaintiff alleges that Empire issued Insurance Policy Number 9467101 01 (the "Policy") to insure certain real property located at 28501 Matteotti View, 28150 Matteotti View and 28250 Benecia Boulevard, Bonita Springs, Florida 34135. (the "Property"). *See* **Exhibit 1**, ¶ ¶ 2 and 5.

12.     Venue is proper in the Middle District of Florida because at all relevant times Empire was doing business in Florida as an insurer, and the suit for which this removal originates was filed by Plaintiff in the Circuit Court in and for Lee County, Florida.  *See* **Exhibit 1.**

13.    Plaintiff alleges that Empire (i) has failed and refused to tender all owed insurance benefits due and owing Plaintiff with regard to the claim arising out of the September 10, 2017 occurrence; (ii) has failed and refused, and continues to refuse to pay the full damages despite knowing it is required to do so; (iii) has failed and refused to provide full coverage under The Policy for the damages to Plaintiff's insured property and EMPIRE has failed to promptly pay all the amounts due and has thereby breached its contract of insurance.   *See* **Exhibit 1**, ¶ ¶ 19, 21 and 23, attached and incorporated thereto.

14.    The total amount sought by the Plaintiff was not stated in the Complaint.

15.    The amount in controversy exceeds $75,000.00, as demonstrated by the Sworn Statement in Proof of Loss, which identified the amount claimed under the policy as $712,024.49.  *See* Proof of Loss attached hereto as **Exhibit 6.**

16.    Additionally, Plaintiff seeks an award of attorney's fees and costs pursuant to Florida Statutes §627.428 and/or §626.9373.

17.    Accordingly, it appears to a reasonable probability that the amount in controversy exceeds $75,000.00.  *See* **Exhibit 6**; *see also* Plaintiff's Civil Cover Sheet filed in the state court action indicating that the estimated amount of the claim is over $100,000.00, a copy of which is attached hereto as **Exhibit 7.** *See*, *Kitchman v. State Farm Mut. Auto. Ins. Co.*, 2015 U.S. Dist. LEXIS 153918 (M.D. Fla. 2015)

4

(district courts are permitted to make "reasonable deductions" and "reasonable inferences" in determining whether the case meets federal jurisdictional requirements).

18.     The facts related to the federal court's jurisdiction over this matter were true at the time Plaintiffs filed their Complaint, and are true presently.

19.     Pursuant to 28 U.S.C. § 1446(d), Plaintiff is being provided with a copy of this Notice of Removal and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the Twentieth Judicial District in and for Lee County, Florida.

20.     Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel hereby certifies to have read the foregoing Notice of Removal, which to the best of their knowledge, information, and belief formed after reasonable inquiry, is well-grounded in fact and warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and is not interposed for any improper purpose.

21.     By filing this Notice of Removal, Empire does not waive, and hereby reserves all defenses and objections to the Plaintiff's Summons and Complaint, including, but not limited to, failure to state a claim, lack of personal jurisdiction, improper venue and/or insufficiency of service of process.

7686597.1

22.     The following items include all of the process, pleadings, and orders filed in this action, to date:

    a. **Exhibit 1** – Complaint

    b. **Exhibit 2** – Notice of Service of Process

    c. **Exhibit 3** – All filings from State Court

    d. **Exhibit 4** – Florida Division of Corporations Detail by Entity Name

    e. **Exhibit 5** – Oklahoma Secretary of State Entity Summary Information and a printout from the Florida Office of Insurance Regulation website showing Defendant's principal place of business

    f. **Exhibit 6** –  Proof of Loss

    g. **Exhibit 7** – Court Civil Cover Sheet filed in State Court

**WHEREFORE**, the Defendant, EMPIRE INDEMNITY INSURANCE COMPANY, respectfully requests that the above-referenced action pending in the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida, Case No. 2021-CA-004562, be removed from that court to the United States District Court for the Middle District of Florida, Fort Myers Division, and that this Court assume full jurisdiction over the cause herein as provided by law, and grant such further relief that this Court deems just and proper.

Dated: September 10, 2021.

7686597.1

Respectfully submitted,

**CLAUSEN MILLER P.C.**

By:   */s/ Melissa M. Burghardt*
ANNE E. KEVLIN, ESQ.,
FBN: 930970
MELISSA M. BURGHARDT, ESQ.;
FBN: 84917
4830 West Kennedy Blvd., Suite 600
Tampa, Florida 33609
Tel: (312) 606-7457
akevlin@clausen.com
mburghardt@clausen.com
hcarbonell@clausen.com
tweede@clausen.com
*Attorneys for Defendant, Empire Indemnity
Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on September 10, 2021, I electronically filed the foregoing document with the Clerk of Court via CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record.

**CLAUSEN MILLER P.C.**

By:   */s/ Melissa M. Burghardt*
MELISSA M. BURGHARDT, ESQ.;
FBN: 84917

7686597.1